**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MADELINE KANE, MARISSA SEPULVEDA AND CATHERINE ANN CAPPELLO, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 22-cv-06476 |
| v. | ) ) | Honorable Mary M. Rowland |
| LOYOLA UNIVERSITY OF CHICAGO, | ) ) | |
| Defendant. | ) ) ) | |

**INITIAL JOINT STATUS REPORT**

Plaintiffs Madeline Kane, Marissa Sepulveda and Catherine Ann Cappello ("Plaintiffs") and defendant Loyola University of Chicago ("Loyola"), collectively the "parties," by their undersigned counsel and pursuant to the Court's January 24, 2023 Minute Entry (Dkt. No. 26), respectfully submit the following Initial Joint Status Report:

  I.    **Nature of the Case**

  A.    **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

| Counsel for Plaintiffs | Counsel for Loyola |
|---|---|
| Darren Wolf* | Patrick J. Rocks* |
| Ashley M. Pileika* | Kirsten A. Milton |
| Law Office of Darren Wolf, P.C. | Julia S. Wolf |
| 1701 N. Market Street, Suite 210 | Jackson Lewis P.C. |
| Dallas, Texas 75202 | 150 North Michigan Avenue, Suite 2500 |
| Phone: 214.346.5355 | Chicago, IL 60601 |
| | Tel.: 312.787.4949 |
| Elizabeth Fegan* | Patrick.Rocks@jacksonlewis.com |
| FEGAN SCOTT LLC | Kirsten.Milton@jacksonlewis.com |
| 150 S. Wacker Dr., 24th Floor | Julia.Wolf@jacksonlewis.com |
| Chicago, IL 60606 | |
| Ph: 312.741.1019 | |
| Fax: 312.264.0100 | |
| beth@feganscott.com | |

*Denotes lead trial attorneys.

**B.      State the basis for federal jurisdiction. If federal question, identify all federal statutes on which such jurisdiction is based. If based on diversity, specify citizenship or domicile of all parties, and whether the parties agree that the amount in controversy exceeds the required threshold.**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' claims alleging violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX claim").

Defendant alleges the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as Plaintiffs' Title IX claims.

Conversely, Plaintiffs allege the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims; Plaintiffs allege these causes of action should be severed and remanded because Plaintiffs raise a novel, complex issue of State law (whether the Illinois Preventing Sexual Violence in Higher Education Act, 110 ILCS 155/20 affords a private right of action). Moreover, the calculus to determine whether Loyola violated Title IX diverges from the calculus to determine whether Loyola negligently and fraudulently violated Illinois law and its own policies and procedures, injuring Plaintiffs. *See* Motion to Sever and Remand Plaintiffs' state law claims. Dkt. Nos. 18-20 ("Motion to Sever and Remand").

**C.      Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiffs allege that while enrolled as students, they were sexually assaulted and harassed by other Loyola students in 2012, 2019 and 2020, respectively. They allege Loyola is aware its students are routinely injured but has failed, and continues to fail, to accurately report, investigate, and respond to such incidents of sexual assault and perpetrators of sexual violence, resulting in a culture of deliberate indifference and tacit acceptance of sexual misconduct.

Plaintiffs allege violations of Title IX, the Illinois Preventing Sexual Violence in Higher Education Act, 110 ILCS 155/20, common-law negligence, negligent training/supervisions/retention,

gross negligence, breach of fiduciary duty, premises liability, and fraud.

Plaintiffs' have filed a Motion to Sever and Remand the state law claims. Dkt. Nos. 18-20, Plaintiffs anticipate filing an Amended Complaint in this case.

Loyola denies the allegations in Plaintiffs' Complaint and disputes that Plaintiffs have pled cognizable claims. In its Motion to Dismiss, Loyola also raised the statute of limitations as an affirmative defense to many of Plaintiffs' claims based on facts alleged in the Complaint. See Loyola's Motion to Dismiss and Memorandum of Law in Support of Its Motion to Dismiss, Dkt. No. 12 and 15 ("Motion to Dismiss"). Loyola also filed a Memorandum in Opposition to Plaintiffs' Motion to Sever and Remand. Dkt. No. 25.

Loyola intends to raise additional defenses in its Answer, in the event the case is not dismissed. Loyola has not filed counterclaims and there are no third-party claims.

**D.     Describe the relief sought by the plaintiff(s).**

Plaintiffs seek to recover actual damages, compensatory damages, punitive damages, litigation costs, expenses, attorneys' fees, pre-judgment and post-judgment interest.

In addition, Plaintiff Kane, a current Loyola student, seeks a permanent injunction requiring Loyola "to ensure the University accurately reports incidents of sexual violence; takes substantial steps to properly and timely investigate reports of discrimination at Loyola, provide appropriate interim measures and reasonable accommodations to complainants, imposes appropriate discipline and remedial measures in situations where a violation of Title IX, the Clery Act, the Illinois Preventing Sexual Violence in Higher Education Act, and the University's Comprehensive Policy is found to have occurred; cease all retaliatory action against students who report incidents of sexual misconduct; and impose appropriate discipline and remedial measures, as necessary." Compl. ¶ 153.

Loyola denies that Plaintiffs are entitled to the relief they seek, contends that Plaintiffs are unable to recover emotional distress or punitive damages under Title IX and are not entitled to injunctive relief.

### E. State the major legal and factual issues anticipated in the case.

While it is difficult to predict at this early stage, the parties anticipate that the primary legal issues in this dispute will be as follows:

- Whether Loyola had a *de facto* policy and a general culture of deliberate indifference to sexual assault on campus;

- Whether Loyola's response to Plaintiffs' reports of sexual assault and harassment violated Title IX, Illinois law, and/or the University's policies and procedures;

- Whether, and to the extent, Loyola's response to Plaintiffs' reports of sexual assault caused them harassment and injury;

- Whether any of Plaintiffs' Title IX and/or state law claims are time-barred;

- Whether Plaintiffs have a private right of action under Illinois's Preventing Sexual Violence in Higher Education Act ("PSVHEA");

- Whether Loyola had a legal duty to ensure the safety of its students;

- Whether Loyola had a fiduciary relationship with Plaintiffs; and

- Whether Plaintiffs are entitled to the injunctive relief and damages they seek.

Plaintiffs also anticipate that the primary legal issues in this dispute will include:

- Whether Loyola systemically underreported and fraudulently concealed instances of sexual assault on its campus(es) in violation of Title IX, Illinois law, and/or the University's policies and procedures; and

- Whether Loyola continues to underreport and fraudulently conceal instances of sexual assault on its campus(es) in violation of Title IX, Illinois law, and/or the University's internal policies and procedures;

The parties anticipate the principal factual issues in this dispute will be:

- The factual circumstances surrounding Loyola's investigation of Plaintiffs' reports of sexual misconduct;

- The extent Plaintiffs' injuries were caused by Loyola's response to and investigation of their reports of sexual misconduct;

- Whether Loyola intentionally underreported the number of sexually violent incidents that occurred on its campus(es); and

- Whether Loyola has systemically mishandled student complaints of sexual violence and

sexual harassment.

Plaintiffs also anticipate the principal factual issues in this dispute will include:

- Whether Loyola's violations of Title IX, Illinois law, and the University's internal policies and procedures have created a culture of deliberate indifference to sexual assault that continues to pervade, entitling Plaintiff Madeline Kane and other current Loyola students to injunctive relief.

**F.      List the names of any parties who have not yet been served. If Plaintiff has failed to complete service of process on all defendants, then counsel must describe the efforts to perfect service to date, and provide  an estimate for completion of service consistent with Federal Rule of Civil Procedure 4.**

None.

## II.      Discovery and Pending Motions

**A.      Describe the general type of discovery needed.**

The parties anticipate exchanging written discovery and conducting numerous depositions of the named Plaintiffs, Loyola administrators and third-party witnesses. The parties anticipate document discovery consisting of hard copy files and electronically stored information. The parties also anticipate requiring third-party discovery.

**B.      Provide dates for: (1) Rule 26(a)(1) disclosures; (2) issuing the first set of written discovery requests; (3) fact discovery completion.**

The parties jointly and respectfully request a stay of initial disclosures and discovery pending the Court's rulings on (i) Plaintiffs' Motion to Sever and Remand and (ii) Loyola's Motion to Dismiss.

In the alternative, if the Court denies the parties' request for a stay, the parties propose February 28, 2023 as the date for Rule 26(a)(1) disclosures and March 24, 2023 as the date for issuing the first sets of written discovery requests. The parties propose October 31, 2023 as the fact discovery completion date.

**C.      At this time, do the parties anticipate there will be expert discovery?**

Plaintiffs anticipate expert discovery will be necessary before trial. Defendant anticipates expert discovery will be necessary to address Plaintiffs' expert witness disclosures.

**D.      Briefly describe any currently pending motions or anticipated motions.**

There are two motions currently pending: Loyola's Motion to Dismiss and Plaintiffs' Motion to Sever and Remand.

Loyola filed a Motion to Dismiss Plaintiffs' Complaint on December 9, 2022. Dkt. Nos. 12, 15. Plaintiffs' brief in opposition is due on February 23, 2023 and Loyola's reply is due on March 30, 2023. *See* Dkt. No. 24.

On December 19, 2022, Plaintiffs filed a Motion to Sever and Remand Plaintiffs' state law claims. Dkt. Nos. 18-20. Loyola filed its brief in opposition on January 17, 2023. Dkt. No. 25. Plaintiffs' reply is due on January 31, 2023.

Plaintiffs respectfully request the Court abstain from ruling on the merits-based arguments raised in Defendant's Motion to Dismiss until the Court determines if it will sever and remand Plaintiffs' state law claims. Plaintiffs also request the Court stay discovery at this time; Loyola does not object to Plaintiffs' request for a discovery stay.

Loyola requests that the Court consider Plaintiffs' Motion to Sever and Remand with Loyola's Motion to Dismiss but otherwise does not object to Plaintiffs' request for a stay.

The Parties anticipate filing a joint motion for a confidentiality order consistent with this Court's directives and the Northern District model order.

The parties do not anticipate other motions at this time.

**E.      State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

The parties consent to electronic service.

## III.    **Trial**

       **A.    State whether there has been a jury demand.**

Yes, Plaintiffs have demanded a jury trial.

       **B.    Provide the date by which the parties anticipate being ready for trial.**

While it is difficult to predict at this time, the parties believe the earliest a trial could take place

in this matter is in the Spring of 2024.

       **C.    Estimate the length of trial.**

The parties estimate the length of trial would be two weeks.

## IV.    **Consent and Settlement Discussions**

       **A.    The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge. State whether all parties <u>unanimously consent</u> to proceed before the Magistrate Judge.**

The parties do not unanimously consent to proceed before the Magistrate Judge.

       **B.    State whether any settlement discussions have occurred and the status of any settlement discussions. (Do <u>not</u> provide any particulars of any demands or offers that have been made.)**

The parties have not engaged in settlement discussions.

       **C.    State whether the parties request a settlement conference at this time.**

The parties do not request a settlement conference at this time.

Dated: January 31, 2023.

                          Respectfully Submitted,

                          By: *Ashley Pileika*
                          Attorney for Plaintiffs

Ashley M. Pileika
Darren Wolf*
LAW OFFICE OF DARREN WOLF, P.C.
1701 N. Market St., Suite 210

Dallas, Texas 75202
Ph: 214-346-5355
Fax: 214-346-5909
ashley@darrenwolf.com
darren@darrenwolf.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

*Pro hac vice application forthcoming*

*Counsel for Plaintiffs Madeline Kane*
*Marissa Sepulveda, and Catherine Ann*
*Capello*

                                              By: *Patrick J. Rocks*_____
                                              Attorney for Defendant

Patrick J. Rocks
Kirsten A. Milton
Julia S. Wolf
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Patrick.Rocks@jacksonlewis.com
Kirsten.Milton@jacksonlewis.com
Julia.Wolf@jacksonlewis.com

*Counsel for Defendant Loyola University of Chicago*