UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELINE KANE *et al.*,<br>    Plaintiffs<br><br>    v.<br><br>LOYOLA UNIVERSITY CHICAGO,<br>    Defendant | No. 22-cv-06476<br><br>Judge Jeremy C. Daniel |

**ORDER**

The plaintiffs' motion to supplement [55] is granted. The plaintiffs' motion to recuse [50] is denied.

**STATEMENT**

The plaintiffs seek my recusal under 28 U.S.C. § 455(a), which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The plaintiffs are current and former undergraduate and graduate students at Loyola University Chicago ("Loyola"). The plaintiffs allege that Loyola failed to protect them from and respond to sexual assaults they suffered on campus. In their motion, the plaintiffs note that: I graduated from Loyola's School of Law (the "Law School") in 2007; I served as a workshop leader at the Law School in 2018 and 2019; I spoke on several panels at the Law School between 2014 and 2022; and I mentored a Loyola undergraduate student[1] between March 2023 and September 2023.

"Section 455(a) requires a judge to ask whether 'an objective, disinterested observer fully informed of the reasons for seeking recusal would entertain a significant doubt that justice would be done in the case.'" *United States v. Walsh*, 47 F.4th 491, 499 (7th Cir. 2022) (citation omitted). "The standard is objective, assessed from the perspective of an observer who possesses all material facts." *Salem v. Att'y Registration & Disciplinary Comm'n of Supreme Ct. of Illinois*, 85 F.4th 438, 442 (7th Cir. 2023). "[T]he 'reasonable person' under § 455(a) is 'well-informed about the

---

[1] I disclosed this information to the parties in an email dated February 26, 2024. In that email, I included the student's name so that the parties could determine whether the student had any connection to this case. Neither party has identified any connection between that student and this case.

surrounding facts and circumstances' and not 'hypersensitive or unduly suspicious.'" *In re Gibson*, 950 F.3d 919, 925 (7th Cir. 2019).

It is true that I attended the Law School from 2004 to 2007 and, while a student, participated in various activities and received several awards. That was more than fifteen years ago. It is also true that I was a paid instructor at the Law School in 2018 and 2019. I served as a workshop leader for the Law School's Professional Identify Formation class. My role was to lead a small group of law students through materials prepared by the faculty at the Law School. That was more than five years ago. I have also participated in several panel discussions hosted by the Law School over the years. I last participated in a panel hosted by the Law School in 2022.

None of these activities, alone or in combination, would lead a disinterested observer to reasonably question my impartiality. Several courts have concluded that a judge's status as a law school's alumnus does not require recusal. *See, e.g.*, *United States v. Nonahal*, 338 F.3d 668, 670 (7th Cir. 2003) ("[T]he argument that the district judge's status as a Marquette University Law School alumnus would have prejudiced his view of [the defendant's] motion is frivolous."); *see also In re Hatcher*, 150 F.3d 631, 635 (7th Cir. 1998) (citing *Easley v. Univ. of Mich. Bd. of Regents*, 906 F.2d 1143 (6th Cir. 1990)) (explaining that "knowledge gained by judge while serving on law school's Committee of Visitors did not require recusal from suit alleging discrimination by law school"); *see also Easley*, 906 F.3d at 1147 ("Without more, the amicable feelings Judge Feikens undoubtedly has for his alma mater, The University of Michigan, fail to demonstrate a sufficient basis for his recusal."). None of the plaintiffs' contentions suggest a relationship between me and the Law School beyond that of a typical alumnus. And I cannot think of any aspect of my dealings with the Law School that goes beyond that of a typical alumnus. As such, my status as an alumnus of the Law School does not require recusal.

I have also served as a mentor to an undergraduate student at Loyola, which is my only connection to the undergraduate program at Loyola. I have no ties to any graduate program at Loyola other than the Law School. The First Amended Complaint alleges that some of the plaintiffs were enrolled in graduate programs at Loyola, but does not indicate whether any of the plaintiffs were enrolled at the Law School. To the extent that none of the plaintiffs were students at the Law School, that further demonstrates that recusal is not necessary.

Judges who teach at law schools are advised to recuse when cases involving the law school are before the judge. *See Hankins v. Alpha Kappa Alpha Sorority, Inc.*, No. 19 C 00147, 2019 WL 13268966, at *2 (N.D. Ill. Apr. 14, 2019) (discussing Guide to Judiciary Policy, Vol. 2B, Ch. 3: Compendium of Selected Opinions). But that advice does not always apply to the university that the law school belongs to. *Id.* Where allegations in the case implicate the university in general, judges are advised to consider the size and cohesiveness of the university, the degree of independence of the law school, the nature of the case, and related factors. *Id.* While I no longer teach

2

at the Law School, these considerations may prove helpful in discerning how an objective, disinterested observer would view my impartiality here. Loyola has more than 11,000 undergraduate students and more than 5,000 graduate students spread across several schools and campuses, including the Law School, School of Medicine, School of Business, School of Nursing, School of Education, and School of Communication. There is nothing in the record that calls into question the Law School's independence from the undergraduate or other graduate programs, which counsels against recusal. As for the nature of the case, while the plaintiffs' motion notes the "harrowing experiences" described in the First Amended Complaint, the case does not present any unique issues that raise concerns about my impartiality. And one significant "related factor" is the frequency of my contacts with the Law School, which have been infrequent, and the time that has passed since my last significant contact with the Law School. On balance, these factors also counsel against recusal.

Therefore, the plaintiffs' motion to recuse is denied.

Date: March 13, 2024

JEREMY C. DANIEL
United States District Judge