## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MADELINE KANE, *et al.*,
Plaintiffs

v.

LOYOLA UNIVERSITY CHICAGO,
Defendant

No. 22 CV 6476

Judge Jeremy C. Daniel

## ORDER

The Court has reviewed Defendant Loyola University of Chicago's motion to amend the Court's March 18 memorandum opinion and order to include a certification of appealability and to stay proceedings pending appeal. [58, 62.] Because the defendant has failed to establish that the issue is contestable, the motion is denied.

## STATEMENT

The plaintiffs are current and former students who allege that Loyola University of Chicago ("Loyola") mishandled, underreported, and failed to adequately respond to complaints of sexual harassment in violation of 20 U.S.C. § 1681, *et seq.* ("Title IX"). On March 18, 2024, this Court issued a memorandum opinion and order granting the defendant's motion to dismiss in part and denying it in part. (R. 57.) The order concluded that the plaintiffs had stated a "pre-assault" Title IX claim by alleging that Loyola had actual knowledge of a *de facto* policy of deliberate indifference to on-campus sexual assault, and that this caused them to experience sexual harassment. (*Id.* at 10–13.) The Court found that, at the pleading stage, the plaintiffs were not required to allege that Loyola was aware of a "specific risk in a specific program." (*Id.* at 19–21.) Loyola now moves to modify the Court's prior order to include a certification of appealability under 28 U.S.C. § 1292(b). (R. 58; R. 62.) Specifically, Loyola seeks an interlocutory appeal regarding whether a university can be liable under Title IX based on allegations of a general, campus-wide policy or practice of deliberate indifference to sexual assault, absent allegations that the University knew of "any particular risk." (R. 59 at 2.)

A district court may certify for immediate interlocutory appeal an otherwise unappealable order that involves "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"Interlocutory appeals are frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012); *Conticommodity Servs., Inc. v. Ragan*, 826 F.2d 600, 601 (7th Cir. 1987). To prevail on a motion to certify an interlocutory appeal, the movant must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014); *NeuroGrafix v. Brainlab, Inc.*, No. 12 C 6075, 2020 WL 1663105, at *1 (N.D. Ill. Apr. 4, 2020) (stating that "it has long been the policy" of courts to "discourage" interlocutory appeals). Whether to certify an interlocutory appeal under § 1292(b) is subject to the district court's discretion. *Breuder v. Bd. of Trs. of Cmty. College Dist. No. 502*, 888 F.3d 266, 271 (7th Cir. 2018).

To demonstrate that it is entitled to an interlocutory appeal, Loyola must establish: (1) the existence of a question of law that is (2) controlling, (3) contestable, and (4) which resolving promises to speed up the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order [] for an immediate appeal under section 1292(b)." *Id.* (emphasis added).

The parties do not dispute that the question is one of law that is controlling. (*See* R. 59 at 4–6; R. 68 at 3); *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 658 (7th Cir. 1996) ("A question of law is controlling if its resolution is likely to affect the course of the litigation, even if not certain to do so."). That leaves whether the question is contestable, and whether resolving it via interlocutory appeal promises to speed up the litigation. *Ahrenholz*, 219 F.3d at 675.

Both parties acknowledge that the Seventh Circuit has not ruled on this issue. This fact alone does not render the issue contestable, however. *See T.S. v. Cnty. of Cook, Ill.*, 568 F. Supp. 3d 940, 942 (N.D. Ill. 2021) (holding that "the fact that an issue is unsettled does not necessarily make it suitable for § 1292(b) certification."). An order is contestable only "if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *Flynn v. Exelon Corp.*, No. 19 C 8209, 2022 WL 267915, at *3 (N.D. Ill. Jan. 28, 2022) (internal citations omitted); *Feit Elec. Co., Inc. v. CFL Tech. LLC*, 13 C 9339, 2019 WL 7020496, at *2 (N.D. Ill. Dec. 20, 2019). The likelihood of reversal is greater "where there a substantial number of decisions conflicting with the district court's order regarding the controlling question of law." *Flynn*, 2022 WL 267915, at *3. The movant bears a "heavy burden" to establish contestability. *Id.*

Loyola has failed to meet its burden of establishing that there is a substantial likelihood that this Court's ruling would be reversed on appeal. *Id.* In the first place, it has not identified a genuine circuit split as to whether a plaintiff may allege a

Title IX pre-assault claim based on a *de facto* policy of deliberate indifference. Every circuit court that has considered this issue agrees that a "pre-assault" claim is a viable cause of action under Title IX. *See Doe v. Metro. Gov't & Davidson Cnty.*, 35 F.4th 459, 465 (6th Cir. 2022), *cert. denied* 143 S. Ct. 574 (2023); *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1111–12 (9th Cir. 2020); *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1058 (8th Cir. 2017); *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1288–90, 1296 (11th Cir. 2007); *Simpson v. Univ. of Colo. Boulder*, 500 F.3d 1170, 1178 (10th Cir. 2007). And no federal court of appeals has held that a pre-assault claim could not proceed based on allegations of a *de facto* official policy of deliberate indifference. *Doe, K.T.,* and *Williams* did not involve official policy claims. *Karasek*, the only federal circuit court decision to have addressed an official policy claim at the pleading stage, held that a plaintiff may state a claim by alleging an official policy that gives rise to a "heightened risk" of sex discrimination. 956 F.3d at 1112. While the Tenth Circuit held in *Simpson* that to establish liability on a Title IX official policy claim, a plaintiff must point to a risk within a "specific program or policy," it did so in the context of summary judgment, not a motion to dismiss under Rule 12(b)(6). 500 F.3d at 1178–79; *see also Karasek*, 956 F.3d at 1113 (holding that *Simpson*'s "specific risk in a specific program" requirement was relevant to causation and not a pleading requirement).

Nor has Loyola identified a genuine intra-district split on this issue. The three district court opinions in our circuit that have considered "pre-assault" official policy claims each recognized that such claims are consistent with Seventh Circuit and Supreme Court caselaw. *See Doe A v. Plainfield Cmty. Consol. Sch. Dist. 202*, No. 21 C 4460, 2023 WL 2428870, at *7 (N.D. Ill. Mar. 9, 2023); *Vander Pas v. Bd. of Regents of Univ. of Wis. Sys.*, No. 21 C 1148, 2022 WL 1597423, at *5 (E.D. Wis. May 19, 2022); *Reed v. Southern Ill. Univ.*, No. 18 C 1968, 2020 WL 3077186, at *7 (S.D. Ill. June 10, 2020). *Vander Pas*, like this Court, found that a plaintiff's allegations were sufficient to state a claim. 2022 WL 1597423, at *7. Although *Doe A* and *Reed* dismissed pre-assault claims based on the plaintiffs' failure to allege "actual knowledge of a more particularized risk," 2023 WL 2428870, at *7; 2020 WL 3077186, at *8, the Court's memorandum opinion held—consistent with these rulings—that "allegations of actual knowledge of an increased risk of sexual assault are required for a pre-assault claim to proceed." (R. 57 at 20.)[1] In other words, the Court applied a similar legal standard and simply reached a different conclusion based on the factual allegations at issue in this case. *Cf. In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010) (distinguishing "abstract legal questions"—like the elements of a statutory claim—from the question of "whether a particular complaint satisfies the pleading

---

[1] To the extent that the concepts of "heightened risk" and "particularized risk" are distinguishable, the Court's order did not rely on such a distinction. Instead, the Court held that that a plaintiff need not allege a "specific risk in a specific program." (R. 57 at 19–21). Likewise, *Doe A* and *Reed* did not turn on a distinction between "heightened risk," and "particularized risk," but rather on the absence of allegations that the funding recipient had actual knowledge of an increased risk. *See Doe A,* 2023 WL 2428870, at *7; *Reed*, 2020 WL 3077186, at *7.

standard of [Rule 12(b)(6)].") *Doe A* and *Reed* did not involve ten named plaintiffs alleging separate incidents of sexual assault or include factual allegations that a university had underreported the number of sexual assaults on campus, admitted that reports had been lost, or failed to respond to reports of sexual assault within the timeframe mandated by state law.

Lastly, the out-of-circuit district court decisions cited by Loyola do not squarely conflict with this Court's order. *Roskin-Frazee v. Columbia Univ.*, No. 17 C 2032, 2018 WL 6523721, at *5 (S.D.N.Y. Nov. 26, 2018), which dismissed pre-assault official policy claims at the pleading stage, involved allegations similar to those at issue in *Reed. Mathis v. Wayne County Board of Education*, 782 F. Supp 2d 542 (M.D. Tenn. 2011), like *Simpson*, was decided on summary judgment. Finally, *Doe v. University of Tennessee*, 186 F. Supp. 3d 788, 807 (M.D. Tenn. 2016), and *Posso v. Niagara University*, 518 F. Supp. 3d 688, 699 (W.D.N.Y. 2021), allowed pre-assault Title IX claims to proceed on the facts alleged, and did not purport to define the outer bounds of a pre-assault official policy Title IX claim.

In sum, Loyola has not identified enough persuasive authority directly conflicting with this Court's reasoning to render the issue appropriate for interlocutory appeal. *Flynn*, 2022 WL 267915, at *3. It follows that its motion must be denied. While not necessary to resolve the instant motion, the Court also notes that it is far from clear that an interlocutory appeal would speed up this litigation. Even if the Court's prior memorandum opinion were reversed, there would still be multiple federal claims remaining, each of which would overlap substantially with the claims that Loyola seeks to appeal. Accordingly, the plaintiffs' motion to amend the Court's March 18 memorandum opinion and order to include a certification of appealability is denied. Loyola's request for a stay of proceedings is denied as moot.

Date: May 13, 2024

JEREMY C. DANIEL
United States District Judge

4