## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MADELINE KANE, *et al.*, <br> Plaintiff <br><br> v. <br><br> LOYOLA UNIVERSITY OF CHICAGO, <br> Defendant | No. 22 CV 6476 <br><br> Judge Jeremy C. Daniel |

### ORDER

The plaintiffs' motion to reassign and relate cases under Local Rule 40.4 [87] is GRANTED, and Case Nos. 23 CV 2772 and 24 CV 8223 are transferred to the calendar of this Court and related to this action. These cases are also consolidated under Federal Rule of Civil Procedure 42.

### STATEMENT

The plaintiffs of three separately filed actions seek to relate and reassign their cases against Defendant Loyola University of Chicago ("Loyola"), under Local Rule 40.4. (R. 87.) The plaintiffs are current and former students at Loyola who allege the school "systematically mishandled, underreported, and failed to adequately respond to their complaints of sexual assault and/or harassment in violation of 20 U.S.C. § 1681, *et seq.* ('Title IX')." (R. 88 at 2.)[1]

This case, *Kane et al., v. Loyola*, ("*Kane*") is the earliest filed suit. After two amended complaints and a ruling on Loyola's motion to dismiss, nine plaintiffs remain. (*Kane*, R. 69.)[2] Eight plaintiffs allege Title IX violations stemming from Loyola's "*de facto* policy of deliberate indifference to reports of sexual misconduct" creating a situation that "deprived them of access to the educational opportunities or benefits provided by Loyola." (*Id.* ¶ 191.) This is what Plaintiffs term a "pre-assault" claim. (*Id.* at 31.) Two of the nine plaintiffs bring claims for Loyola's handling of their "complaints of sexual misconduct." (*Id.* ¶ 198.)

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] The Court cites to the record for the three cases at issue in this motion using a parenthetical identifier followed by the record cite, for clarity.

*Aragon v. Loyola*, 1:23-cv-02772 ("*Aragon*"), has one plaintiff who brings eight claims. One of these claims is a "pre- and post-assault" Title IX claim, where she alleges Loyola maintained a "*de facto* policy . . . to suppress reports of sexual violence and sexual harassment, and to support accused campus predators, resulting in a culture of deliberate indifference toward sexual misconduct at Loyola." (*Aragon*, R. 1 ¶ 84.) The other seven claims are state law claims substantially identical to those that were dismissed in *Kane*. (*Compare Kane*, R. 35 ¶¶ 214–46, 267–91 *with Aragon*, R. 1 ¶¶ 94–151; *see also Kane* R. 57 at 41 (dismissing all state law claims).)

In *Jane Doe B v. Loyola*, 1:24-cv-08223 ("*Doe*"), two plaintiffs allege a "pre-assault" violation of Title IX. (*Doe*, R. 1 at 14.) Here, they allege that Loyola had a "*de facto* policy of deliberate indifference to reports of sexual misconduct" creating a situation that "deprived [plaintiffs] of access to the educational opportunities or benefits provided by Loyola." (*Id.* ¶ 70.) Plaintiffs also bring a claim for Loyola's handling of their "complaints of sexual misconduct." (*Id.* ¶ 77.)

Under L.R. 40.4, civil cases may be related together and reassigned to a single judge under a two-step test. First, one of the following must be true:

> (1) the cases involve the same property;
> (2) the cases involve some of the same issues of fact or law;
> (3) the cases grow out of the same transaction or occurrence; or
> (4) in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40.4(a). Second, all of the following must be true:

> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). If these criteria are met, then the cases may be transferred to the calendar of the judge handling the earliest filed case. *Id.*

The Court also has the power to, on its own initiative, consolidate cases "that involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000).

Of the L.R. 40.4(a) factors, at least one of them is true—these cases present some of the same questions of law. All twelve plaintiffs bring a claim for "pre-assault" violations of Title IX using substantially the same language. While "the Seventh Circuit has not yet considered whether a pre-assault claim is a viable cause of action under Title IX," this Court concluded in *Kane* that "pre-assault claims are not clearly inconsistent with Supreme Court caselaw" and allowed the claims to go forward. *(Kane*, R. 57 at 10–15.) In short, "pre-assault" claims are common to all three cases, satisfying L.R. 40.4(a).

Turning to the L.R. 40.4(b) factors, the Court finds all are satisfied and relation and reassignment is appropriate.

First, as mentioned, all three cases are pending in this district. Second, granting plaintiff's motion will save substantial judicial time and effort. The Court has already ruled on Loyola's motion to dismiss in *Kane*, while a similar motion is pending in *Aragon*, and anticipated in *Doe*. (*See Kane*, R. 93 at 10 ("Loyola anticipates Rule 12 briefing" in the *Doe* case).) Plaintiffs collectively plan to seek permission to consolidate all three cases into one "operative, consolidated complaint stating Plaintiffs' Title IX claims only." (*Kane*, R. 88 at 5). Collecting these cases before this Court will prevent three separate judges in this district issuing three separate ruling on what is effectively the same complaint and motion to dismiss.

Third, *Kane* has not progressed to the point where designating it as related to *Aragon* and *Doe* would cause substantial delay. Fact discovery opened recently, on December 16, 2024, and does not close until August 11, 2025. (*Kane*, R. 104.)

Last, these cases are susceptible of disposition in a single proceeding. The "pre-assault" claims collectively turn on whether Loyola had a "de facto policy" of suppressing "reports of sexual violence and sexual harassment," and if so, over what time period. (*See Kane*, R. 69 ¶ 191.) Further, the assaults in *Aragon* and *Doe* occurred in 2019 and 2016 respectively, while the plaintiffs in *Kane* allege assaults from 2012 through 2020. (*Id.*, ¶¶ 35–173; *Aragon*, R. 1 ¶ 30; *Doe*, R. 1 ¶ 32.) Thus, whether Loyola's de facto policy existed as alleged is a common question to all three cases. In addition, the Court has not yet ruled on when plaintiffs' claims accrued. (R. 57 at 15.) Both of these issues are resolvable in a single dispositive pleading or trial. Based on the foregoing, the L.R. 40.4(b) analysis is satisfied.

For the same reasons, the Court concludes, *sua sponte*, that consolidation under Rule 42 is also appropriate for these cases. The "pre-assault" claims of each case raise common questions of law and fact, and judicial efficiency counsels having one, not three, discovery and summary judgment proceedings. The Court will consider

whether separate trials are appropriate for some or all plaintiffs, as necessary, when appropriate.

Date: December 20, 2024

_____
JEREMY C. DANIEL
United States District Judge

4