UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELINE KANE *et al.*,<br>    Plaintiff<br><br>   v.<br><br>LOYOLA UNIVERSITY OF CHICAGO,<br>    Defendant | No. 22 CV 6476<br><br>Judge Jeremy C. Daniel |

## ORDER

For the reasons stated in this Order, defendant Loyola University of Chicago's motion to dismiss the plaintiffs' consolidated amended complaint [124] is granted in part and denied in part. The Court denies the motion as to the "pre-assault" claims. As to the "post-assault" claims, the Court grants the motion with respect to the claims brought by plaintiffs Jane Doe B and Jane Doe M, but denies the motion as to the claims brought by plaintiffs Kane, Sepulveda, and Aragon. The Court grants the motion as to the state law claims. The defendant shall answer the pending claims on or before November 26, 2025.

## STATEMENT

The plaintiffs filed a consolidated amended complaint (the "CAC") against Loyola alleging violations of Title IX and Illinois state law. (R. 117.)[1] Previously, the Court granted in part and denied in part Loyola's motion to dismiss a prior iteration of the complaint. (R. 57.) That previous complaint included similar claims and allegations to those in the CAC, though it was brought by a different group of plaintiffs. (R. 35.) The Court also previously dismissed a breach of contract claim in a subsequently amended complaint. (R. 86.) Loyola now moves to dismiss the CAC. (R. 124; R. 125.)[2]

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff[s]." *Jauquet*

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] The Court opts not to re-hash the factual background of the case, which it has done previously in ruling on prior motions to dismiss. (R. 57; R. 86.)

*v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 807 (7th Cir. 2021) (citation omitted). The plaintiffs must set forth "adequate factual detail to lift [their] claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). The Court addresses each of Loyola's arguments in turn.

### Title IX "Pre-Assault" Claims

All plaintiffs bring a "pre-assault" deliberate indifference claim. (R. 117 at 48–50.) The plaintiffs argue that, prior to the plaintiffs' sexual assaults, Loyola maintained a *de facto* policy of deliberate indifference toward sexual violence. (*Id*.) Loyola argues that (1) the claims are time barred; (2) "pre-assault" claims are inconsistent with precedent; and (3) the plaintiffs fail to show that Loyola had sufficiently specific knowledge of the risk of sexual violence. (R. 125 at 9–14, 20–24.) For the same reasons previously articulated, the Court uses September 21, 2020, as the relevant statute of limitations date (R. 57 at 13–14) and concludes that the plaintiffs' "pre-assault" claims are not barred (*id*. at 15), the claims are not inconsistent with binding precedent (*id*. at 10–13), and the plaintiffs allege sufficient facts to state plausible "pre-assault" deliberate indifference claims (*id*. at 17–21).[3] Loyola's motion to dismiss the plaintiffs' "pre-assault" claims is therefore denied.

### Title IX "Post-Assault" Claims

Plaintiffs Kane, Sepulveda, Aragon, Jane Doe B, and Jane Doe M bring "post-assault" claims under Title IX.[4] (R. 117 at 50–52.) These plaintiffs allege that Loyola acted with deliberate indifference after Loyola became aware of the plaintiffs' injuries. (*Id*.) In response, Loyola argues that (1) these claims are time barred; (2) it acted appropriately upon receiving reports of sexual assault and the plaintiffs' allegations do not otherwise show that the university was deliberately indifferent; and (3) the plaintiffs fail to allege that they suffered further injury due to Loyola's response.[5]

**Statute of Limitations**

For "post-assault" claims, the statute of limitations "is measured not by incidents of underlying sexual harassment, but from [a plaintiff's] interactions with the [defendant] about [her] complaint." *Yap v. Northwestern Univ.*, 119 F. Supp. 3d 841,

---

[3] While plaintiffs Fernanda Aragon, Jane Doe B, and Jane Doe M were not named plaintiffs in the previous complaints, the Court concludes these plaintiffs adequately allege factual assertions supporting their "pre-assault" claims. Therefore, the reasoning of the previous Order as to the "pre-assault" claims applies equally to their claims.

[4] The Court construes the plaintiffs' "erroneous outcome" claims as "post-assault" deliberate indifference claims for the same reasons stated previously. (R. 57 at 9 n.3.)

[5] Loyola notes that there is a split among federal courts as to the kind of harm a plaintiff must allege the defendant's deliberate indifference caused them. (R. 125 at 14.)

847 (N.D. Ill. 2015). Here, a plaintiff's claim is time barred if it is "plain from the complaint" that, after September 21, 2020 (*see supra*), she (1) did not interact with Loyola regarding her complaint, or (2) did not otherwise lack knowledge of Loyola's alleged deliberately indifferent response to her complaint. *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010); *Yap*, 119 F. Supp. 3d at 847. "A plaintiff will typically know or have reason to know that a school mishandles their own report of an assault close to the time of the school's inadequate response." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 704 (6th Cir. 2022).

The Court again concludes that the "post-assault" claims brought by Kane and Sepulveda are not clearly time barred. (*See* R. 57 at 23.) Kane alleges that Loyola "concluded its investigation" into her report of sexual assault in "September 2020" (R. 117 at 11.) While ambiguous, it is not "plain" from this statement that Kane's claim is time barred. *First Neighbor Bank*, 610 F.3d at 383. Sepulveda alleges that she "filed a report in September 2021" with Loyola's Title IX office, which concluded its investigation in May of 2022. (R. 117 at 12–13.) As to Aragon, she alleges that she submitted her "official report detailing her sexual assault" to Loyola on March 21, 2021, and that she learned of the outcome on October 21, 2021. (R. 117 at 29, 32.) Because Sepulveda and Aragon allege that they interacted with Loyola about their respective complaints after September 21, 2020, their "post-assault" claims are also not barred by the statute of limitations. *Yap*, 119 F. Supp. 3d at 847.

The "post-assault" claims brought by Jane Doe B and Jane Doe M, however, are time barred. These two plaintiffs allege that they were sexually assaulted in the fall of 2016 and that they filed their respective investigation requests with the Loyola Title IX office in December 2018. (R. 117 at 41–42.) Jane Doe B alleges that she was informed that Loyola finished its investigation of her report on May 6, 2019. (*Id.* at 43.) Jane Doe M alleges Loyola concluded its investigation on March 27, 2019. (*Id.*) Neither alleges that she interacted with Loyola after those dates. The CAC states that "[w]hen Jane Doe B and Jane Doe M were sexually assaulted, they did not know of the University's policy of deliberate indifference." (R. 117 at 44.) Lack of knowledge of Loyola's deliberate indifference policy "[w]hen . . . they were sexually assaulted" may be relevant for accrual of their "pre-assault" claims, but not their "post-assault" claims. *Yap*, 119 F. Supp. 3d at 847; *Snyder-Hill*, 48 F.4th at 704. The plaintiffs argue again in response that they "did not really learn the full extent" of Loyola's alleged deliberate indifference until "this case was initially prepared." (R. 130 at 18–19.) But this allegation is also immaterial to these plaintiffs' knowledge regarding Loyola's handling of their specific complaints. A "post-assault" claim typically accrues "close to the time of the school's inadequate response," which these plaintiffs allege occurred when Loyola completed its investigation in 2019. (R. 117 at 43.). That is before the relevant statute of limitations date of September 21, 2020. Thus, the "post-assault" claims brought by Jane Doe B and Jane Doe M are time barred, and the Court grants Loyola's motion to dismiss these plaintiffs' "post-assault" claims.

3

**Failure to State a Claim**

Because the Court dismisses the "post-assault" claims brought by Jane Doe B and Jane Doe M, it analyzes only those post-assault claims brought by Kane, Sepulveda, and Aragon. These three plaintiffs' allegations plausibly state "post-assault" claims. The Court finds the allegations of Kane and Sepulveda sufficient to state a claim for the same reasons it stated previously. (R. 57 at 24–26.) As to Aragon, she alleges that Loyola failed to enforce the no-contact directive it issued. (R. 117 at 32.) Other courts in this district have held that this is enough to state a "post-assault" deliberate indifference claim. *See, e.g., Pogorzelksa v. VanderCook College of Music*, 442 F. Supp. 3d 1054, 1064 (N.D. Ill. 2020). Aragon further alleges that she was subsequently sexually assaulted by another Loyola student because of Loyola's deliberate indifference. (R. 117 at 33.) At the pleadings stage, the Court finds this allegation of subsequent sexual assault by a different assailant sufficient. (*See* R. 57 at 25.) When viewed in a light most favorable to these plaintiffs, their allegations plausibly state "post-assault" deliberate indifference claims. Loyola's motion to dismiss these claims is denied.

**State Law Claims**

Next, the Court considers the state law claims. (R. 117 at 52–54.) Nine plaintiffs allege that Loyola violated their rights under the Illinois Preventing Sexual Violence in Higher Education Act (the "PSVHEA"). (*Id.* at 52.) The Court previously dismissed this claim, but the plaintiffs now ask the Court "to reconsider its prior Order." (*Id.* at 52 n.18.) In support of this request, the plaintiffs state that nine plaintiffs now bring this cause of action, that these plaintiffs would be entitled to certain damages under the PSVHEA which they may not be entitled to under Title IX, and that this cause of action turns on similar facts and law as the plaintiffs' Title IX claims. (*Id.*) The parties agree that the PSVHEA does not expressly furnish a private right of action, and the plaintiffs again ask the Court to imply one. (R. 125 at 24; R. 130 at 20.) The Court dismisses this claim for the same reasons stated previously. (R. 57 at 29.)

**Entitlement to Certain Remedies**

Last, the Court considers Loyola's argument that the plaintiffs are not entitled to certain relief they request. (R. 125 at 25–26; R. 134 at 20.) The plaintiffs do not respond. (*See* R. 130.) But a remedy is not a claim, and at the motion to dismiss stage the question is "simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). Therefore, it is not the proper juncture to consider whether the plaintiffs are entitled to certain relief. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002).

Date: November 12, 2024

_____
JEREMY C. DANIEL
United States District Judge