UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELINE KANE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> LOYOLA UNIVERSITY OF CHICAGO, <br><br> Defendant. | No. 22 CV 6476 <br><br> District Judge Daniel <br><br> Magistrate Judge McShain |

### ORDER

Pending before the Court is defendant Loyola University of Chicago's motion to compel plaintiffs' responses to its discovery requests and the amendment of plaintiffs' Rule 26 disclosures [166] and plaintiffs' response [173]. For the following reasons, defendant's motion is granted in part and denied in part.

Defendant's motion seeks an order requiring plaintiffs to (1) serve complete Rule 26 disclosures that include calculations of plaintiffs' damages, (2) serve written discovery responses and documents relating to plaintiffs' claimed damages for emotional distress, (3) supplement their responses to defendants' document requests and interrogatories, (4) verify their responses to defendant's interrogatories, and (5) serve a privilege log. *See* [166] 5-13. Defendants also request that the Court award attorney fees and costs under Fed. R. Civ. P. 37. [*Id.*] 14.

After defendant filed its motion to compel, plaintiffs served supplemental discovery responses related to some of the issues raised in the motion. [173] 2. Plaintiffs served amended Rule 26(a) disclosures that (1) identify plaintiffs' healthcare providers and their contact information and (2) update plaintiffs' damage calculations by (a) specifying categories of damages (including forfeited tuition and fees, loss of educational benefits, diminished career opportunities and earning capacity, past and future medical and mental-health expenses, emotional distress and other non-economic damages, and attorney fees, costs, and interest). [*Id.*]. In addition, four of the 12 plaintiffs served verified responses to defendant's first set of interrogatories. [*Id.*]. Plaintiffs argue that "much of Defendant's motion is now moot" considering their supplemental productions and their representation that "further supplementation would be provided and that Defendant could obtain additional specifics . . . through Plaintiffs' depositions." [*Id.*] 2-3.

In the exercise of its "extremely broad discretion" to resolve discovery disputes, *Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018), the Court grants the motion in part and denies it in part.

First, and based on plaintiffs' representation, the Court concludes that the motion is moot to the extent that defendant seeks to compel the production of (1) the identities and contact information of plaintiffs' healthcare providers, (2) damages computations for the seven specific categories of damages identified in plaintiffs' response brief, and (3) the verified interrogatory responses from plaintiffs Appiagyei-Dankah, Aragon, Jane Doe M., and Kane. *See* [173] 2. In so ruling, the Court expresses no view as to the adequacy of plaintiffs' supplemental and amended productions (which have not been provided to the Court). The Court simply holds that defendant's motion is moot to the extent that it sought to compel the production of these materials. If defendant contends that plaintiffs' supplemental and amended discovery responses are deficient, defendant must meet and confer with plaintiffs in accordance with Rule 37 and the undersigned's standing order on discovery motions.

Second, the Court otherwise grants the motion to compel in its entirety. Although plaintiffs contend that "much" of defendants' motion is moot, their response fails to address multiple issues raised by defendant. Most obviously, there is no indication that the eight plaintiffs besides Appiagyei-Dankah, Aragon, Jane Doe M., and Kane have provided verified interrogatory responses, which is required by Rule 33. *See Data Mgmt. Assocs. Int'l, LLC v. Enter. Warehousing Sols., Inc.*, Case No. 20 C 4711, 2022 WL 2355888, at *2 (N.D. Ill. Mar. 10, 2022). Furthermore, plaintiffs do not address the merits of defendant's argument that their responses to defendant's interrogatories and document requests are deficient on multiple grounds, such as that most of the responses invoke impermissible boilerplate objections. *See* [166] 7-8. Thus, the Court finds that plaintiffs have forfeited any arguments that defendant's interrogatories and document requests are improper, and plaintiffs must fully respond to the defense's interrogatories and document requests without regard to any objections. *See Medix Staffing Sols., Inc. v. Connected Care Health Servs., Inc.*, 2020 WL 13819915, at *2 (N.D. Ill. Dec. 10, 2020) (where "[d]efendant does not respond to plaintiff's argument that all twenty-seven of Defendant's written responses fail to comply" with Rule 34, "[d]efendant has waived any argument on that issue"); *Hernandez v. Guevara*, No. 23 CV 15375, 2025 WL 3507339, at *4 (N.D. Ill. Oct. 28, 2025) (failure to address arguments raised by moving party in motion to compel results in forfeiture).

Third, and for the sake of completeness, the Court further holds that plaintiffs' invocation of unexplained boilerplate objections violates Rule 26(g), and the Court finds that all these objections are waived. *See United Auto. Ins. v. Veluchamy*, No. 09 C 5487, 2010 WL 749980, at *5 (N.D. Ill. Mar. 4, 2010) (boilerplate objection to interrogatory "is waived because boilerplate responses are improper" and

"tantamount to not making any objection at all"); *Cowen v. Choice Hotels Int'l Serv. Corp.*, Case No. 21-3205, 2023 WL 12144702, at * (C.D. Ill. June 7, 2023) (recognizing that boilerplate objections to requests for production are improper). The Court also agrees that, to the extent plaintiffs have objected to certain discovery requests on the ground that responsive information is "in the possession of, known to, or otherwise equally available to Defendant," plaintiffs have not substantiated this objection, and the objection does not excuse plaintiffs from fulfilling their duty to comply with a facially proper discovery request. *See McCroy v. Illinois Dept' of Corrs.*, 02-CV-3171, 2006 WL 8077033, at *2 (C.D. Ill. May 12, 2006) (overruling similar objection where defendants "have not provided any specific information about how many documents are in plaintiff's master file, how many of those documents have already been produced, or the specific cost or burden to the defendants of producing the master file documents that have not already been produced"). Finally, to the extent that plaintiffs responded to certain discovery requests by stating that they were "engaging in a reasonable search for responsive documents and will supplement the response," this response, too, cannot excuse the failure to serve a supplemental production. Plaintiffs must answer the discovery requests in the timeframe provided by this order and, consistent with Rule 26(e)(1), supplement their responses as necessary. Defendant is entitled to complete or substantially complete responses to its written discovery requests, and it is not required to wait until plaintiffs' depositions to secure information that is responsive to those requests.

Regarding defendant's request for a privilege log, it is unclear to the Court whether plaintiffs have objected or intend to object to any discovery requests based on privilege. Accordingly, this portion of the motion is denied without prejudice as premature, and the Court trusts that plaintiffs will support any privilege invocations in the manner specified by Rule 26(b)(5)(A).

Finally, the Court orders plaintiffs to show cause why the Court should not award defendant the reasonable costs and attorney fees it incurred in bringing the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). Defendant represents without contradiction that plaintiffs' counsel agreed to provide the information sought in the motion by October 30, 2025. Plaintiffs failed to meet this deadline, and they did not make their amended and supplemental productions until after defendant filed the motion. And, as noted above, their response to the motion to compel was significantly incomplete, as it failed to address multiple issues raised by the motion. Thus, absent a showing that plaintiffs' position was substantially justified or that other circumstances would make a fee award unjust, defendants would be entitled to attorney fees and costs. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

## Conclusion

Defendant's motion to compel [166] is granted in part and denied in part. Plaintiffs must fully respond to all interrogatories and requests for production at issue, without regard to any objections, no later than January 13, 2026. By January 20, 2026, plaintiffs must show cause why they should not be required to pay the attorney fees and costs defendant incurred in bringing this motion to compel.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 29, 2025**